NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 8 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WILLIE THOMAS, | No. 23-55225 |
| Plaintiff-Appellant, | D.C. No. 2:21-cv-06296-MWF-MAR |
| v. | |
| NATIONWIDE MUTUAL INSURANCE COMPANY, an Ohio corporation, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Submitted February 5, 2024[**]
Pasadena, California

Before: OWENS, BUMATAY, and MENDOZA, Circuit Judges.

Willie Thomas appeals the district court's grant of summary judgment in favor of Nationwide Mutual Insurance Company ("Nationwide") on his breach of the implied covenant of good faith and fair dealing and breach of contract claims. We

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

review the district court's decision de novo. *Goodman v. Staples Off. Superstore, LLC*, 644 F.3d 817, 822 (9th Cir. 2011). We have jurisdiction under 28 U.S.C. § 1291 and affirm.

1.     Thomas argues the district court erred by applying the "genuine dispute doctrine" to his breach of implied covenant of good faith and fair dealing claim. We disagree.

Under the genuine dispute doctrine, "a court can conclude as a matter of law that an insurer's denial of a claim is not unreasonable, so long as there existed a genuine issue as to the insurer's liability." *Chateau Chamberay Homeowners Ass'n v. Associated Int'l Ins. Co.*, 108 Cal. Rptr. 2d 776, 784–85 (Ct. App. 2001) (simplified). The California Supreme Court has concluded that California law "has expressly permitted insurers to delay arbitration of uninsured motorist claims while a workers' compensation claim is pending" and that "the insurer is only liable for the excess, if any, of the policy limit over the workers' compensation benefits." *Rangel v. Interinsurance Exch.*, 842 P.2d 82, 85, 91 (Cal. 1992). *Rangel* expressly endorsed an insurer's decision to delay paying out benefits under a policy until the workers' compensation claim was resolved. *See id.* at 92 (holding that insurer "was not obligated to pay uninsured motorist benefits during the pendency of [the insured's] workers' compensation claim" and thus the insurer "did not breach its duty of good faith and fair dealing by delaying payment pending the outcome of the

2

workers' compensation proceeding").

Here, Nationwide acted reasonably in arguing that Thomas was required to file a workers' compensation claim before pursuing coverage under the policy. The genuine dispute doctrine thus applies. *See Chateau Chamberay*, 108 Cal. Rptr. 2d at 784. Regardless of Thomas's allegations that Nationwide failed to investigate his claim, Nationwide paid the benefit as soon as "[t]he facts crucial to establishing the loss payable—namely, the extent [of the workers' compensation offset]—were fully known by" Nationwide. *Case v. State Farm Mut. Auto. Ins. Co., Inc.*, 241 Cal. Rptr. 3d 458, 474 (Ct. App. 2018). Here, the workers' compensation issue was not resolved until the state court confirmed Thomas's favorable arbitration award. Nationwide paid Thomas $650,000 shortly after that. "Because [Nationwide] resolved [Thomas's] claim shortly after that determination, no triable issues exist regarding bad faith." *Id*.

2. Thomas contends that the district court erred in granting summary judgment on his breach of contract claim. We agree with the district court that Thomas received the full amount of benefits he was entitled to under Nationwide's policy. Thus, he suffered no damages and his breach of contract claim fails. *See Behnke v. State Farm Gen. Ins. Co.*, 127 Cal. Rptr. 3d 372, 391 (Ct. App. 2011) ("[T]he undisputed material facts establish that Behnke has no viable claim for breach of contract damages because State Farm paid all policy benefits Behnke was

3

entitled to receive.").

**AFFIRMED.**